(77 South. 363)

COX et al. v. BURFORD-GOFF SUPPLY CO. (4 Div. 719.)

(Supreme Court of Alabama. Nov. 15, 1917. Rehearing Denied Dec. 24, 1917.)

1. MORTGAGES �kö 413—INVALIDITY—ENJOINING FORECLOSURE—BURDEN OF PROOF.

In bill to enjoin foreclosure of mortgage for insanity of mortgagor, the burden of proof as to all the facts upon which the equity of the bill depended was upon complainants.

2. MORTGAGES �kö413 — INSANITY OF MORTGAGOR—SUFFICIENCY OF EVIDENCE.

In suit to enjoin mortgage foreclosure upon the ground that the mortgagor was insane when he signed the mortgage, evidence which failed to show that the mortgagor's mental incapacity was continuous and was such before the execution of the mortgage, or that such condition existed at the time the mortgage was executed was insufficient.

3. MORTGAGES ⊦köö413—SIGNATURE OF WIFE—NECESSITY.

Where the property was not the homestead, a mortgage by the husband alone passed title subject to the dower right of the widow, and foreclosure sale could not be enjoined, because the mortgage was not signed by the wife.

Appeal from Circuit Court, Geneva County; H. A. Pearce, Judge.

Suit by R. E. Cox and others against the Burford-Goff Supply Company. Bill dismissed, and complainants appeal. Affirmed.

C. M. Cox, of Bonifay, Fla.; for appellants. W. O. Mulkey, of Geneva, for appellee.

⊷For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

MAYFIELD, J. Appellants, as heirs and widow of one William Cox, filed their bill against appellee to enjoin the foreclosure of a mortgage purporting to have been executed by William Cox and his wife. The bill proceeded upon the theory that William Cox was insane at the time he signed that mortgage, and that his wife never in fact signed it at all, or authorized any one to sign it for her. The cause proceeded to final decree on bill and on answer denying the equities of the bill, together with full proof taken by both parties. The chancellor, or rather the circuit judge acting as chancellor, on the hearing dissolved the temporary injunction and dismissed the bill, and complainants appeal.

[1] If all the propositions of law contended for by appellants were to be decided in their favor, we would nevertheless have to affirm the decree of the lower court. The burden of proof as to all facts upon which the equity of the bill depended was upon complainants. The evidence introduced was in great conflict as to nearly every material point, and we are not persuaded that the chancellor was in error in his findings, indulging no presumptions in favor thereof, in conformity with the statute. And we are not persuaded that appellants met and discharged the burden the law placed upon them.

[2] While the weight of the evidence does show that William Cox was non compos mentis at times prior to his death, it fails to show that his disability or mental incapacity was chronic or continuous, and was such before the date of the execution of the mortgage, or that such condition existed at the very time the mortgage was executed.

[3] It is unnecessary to consider the question whether or not the wife signed and acknowledged the mortgage, as the bill is not filed upon the theory of the property's being the homestead of William Cox. In fact, if it were the homestead, none of the complainants except the widow would have any interest in the suit. If it was not the homestead, and the mortgage was not signed by the widow, it would pass the legal title subject to the dower right of the widow, and the sale could not be enjoined, because the mortgagee would be entitled to sell the estate which passed—and no attempt is made in the bill to protect merely the dower right.

We do not mean to decide, however, that the proof showed that the mortgage was not signed by the wife, but say what we have said, merely to show that to affirm the decree it is not necessary to inquire whether the wife did in fact sign the mortgage. The decree would have to be affirmed, no matter how we should find this fact.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.